J. TIMOTHY NARDELL (SBN 184444)
tim@ncalegal.com
NARDELL CHITSAZ & ASSOCIATES LLP
790 Mission Avenue
San Rafael, California 94901
Tel: (415) 485-2200
Fax: (415) 457-1420

JOHN P. MARGIOTTA (admitted *pro hac vice*)
jmargiotta@fzlz.com
EMILY WEISS (admitted *pro hac vice*)
eweiss@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTIER INTERNATIONAL AG and CARTIER, a division of RICHEMONT NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FANTASY JEWELS and MASSOUD TORABIAN, <br><br> Defendants. | Case No. 5:16-cv-05303-EJD <br><br> **FINAL ORDER AND JUDGMENT ON CONSENT** |

{F2251074.1}

This matter, having been commenced by Plaintiffs Cartier International AG and Cartier, a division of Richemont North America, Inc. (together "Cartier" or "Plaintiffs") by filing a complaint on September 15, 2016 charging Fantasy Jewels and Massoud Torabian (together "Defendants") with trademark counterfeiting and infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; unfair competition under California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and dilution under California State Law, Cal. Bus. & Prof. Code §§ 14330 *et seq.* (the "Civil Action");

Plaintiffs having charged in the Civil Action that (i) Defendants' promotion, advertising. offering for sale, sale, and distribution of jewelry products that bear Cartier's trade dresses constitutes counterfeiting, trade dress infringement, and unfair competition under federal law and unfair competition under state law; (ii) Defendants' promotion, advertising. offering for sale, sale, and distribution of jewelry products bearing Cartier's famous CARTIER mark constitutes counterfeiting, trade dress infringement, unfair competition, and dilution under federal law and unfair competition and dilution under state law; and (iii) Defendants' promotion, advertising, offering for sale, sale, and distribution of jewelry products that are substantially similar to Cartier's copyrighted jewelry works constitutes copyright infringement;

Defendants having denied all the material allegations in the Civil Action and agreed to enter into this Final Order and Judgment on Consent (the "Judgment") without admitting any of Plaintiffs' allegations and without admitting any liability or wrongdoing and solely to avoid the expense and inconvenience of further litigation;

Defendants making, in connection with and as inducement for the entry of the Judgment, the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiffs and the Court have relied:

    a. Defendants acknowledge Cartier's exclusive rights in and to the CARTIER mark;

    b. Defendants acknowledge Cartier's exclusive rights in and to the LOVE Trade Dress (as those terms are defined in the Complaint);

    c. Defendants acknowledge Cartier's exclusive rights in and to the Juste un Clou Copyright and the Juste un Clou Trade Dress (as those terms are defined in the Complaint);

    d. As of July 26, 2016, Defendants had ceased promoting, offering for sale, selling, and distributing any product that has been accused as an infringing product in the Civil Action;

    e. Defendants have not manufactured any product that has been accused as an infringing product in the Civil Action;

    f. Defendants' sole sources for the products that have been accused as infringing products in the Civil Action were from sellers on an online e-commerce website, www.aliexpress.com known to Defendants solely as: "muchv", "HongKong Brand Wholesale Store", "tingyu store", "Steel Jewelry Wholesales", "BONNIE JEWELRY WHOLESALE", "Supersonic Trade Co, Ltd", "Tyme Jewelry", and "Professional electronic" (collectively, the "Sources").

    g. Defendants have ceased purchasing any products from the Sources that have been accused as an infringing product in the Civil Action;

    h. Defendants' total sales from the products that have been accused as infringing products in the Civil Action were approximately $5,600;

i. Defendants have remaining in their possession custody, or control thirty-three (33) products that have been accused as infringing products in the Civil Action (the "Remaining Inventory"); and

j. Defendants have the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

This Court having made the following findings and conclusions:

A. The Court has jurisdiction over the subject matter of the Civil Action pursuant to Section 501 of the Copyright Act, 17 U.S.C. § 501; Section 39 of the Lanham Act, 15 U.S.C. § 1121; and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiffs' state law claim under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

B. The Court has personal jurisdiction over Defendants under Cal. Code Civ. Proc. § 410.10 because Defendant Fantasy Jewels' principal place of business is in this district and Defendant Massoud Torabian is a domicile of California.

C. Venue is proper in this District pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b).

D. Defendant has denied all the material allegations in the Civil Action and are entering into this Judgment and Order without admitting any of Plaintiffs' allegations and without admitting any liability or wrongdoing and solely to avoid the expense and inconvenience of further litigation.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendants shall pay to Plaintiffs the total sum of $32,500, to be paid within twenty (20) business days of entry of this Judgment by a check payable to "Fross Zelnick Lehrman & Zissu, P.C. Trust Account."

2. Defendants shall send the Remaining Inventory to counsel for Plaintiffs within twenty (20) business days of entry of this Judgment.

3. Defendants, and each of their agents, privies, servants, affiliates, employees, successors, assigns, heirs, and designees, as applicable, and any entity created, owned, or controlled in whole or in part by either Defendant now or in the future, are each hereby permanently enjoined and forever restrained from:

    a. Imitating, copying, or making unauthorized use of the LOVE Trade Dress or the Juste un Clou Trade Dress, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any non-genuine products bearing the LOVE Trade Dress or the Juste un Clou Trade Dress, or any other design that is confusingly similar to the LOVE Trade Dress or the Juste un Clou Trade Dress;

    b. Imitating, copying, or making unauthorized use of the CARTIER mark, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any non-genuine products bearing the CARTIER mark, or any other mark that is confusingly similar to the CARTIER mark;

    c. Infringing the Juste un Clou Copyright, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any non-genuine copies of the Juste un Clou Works, or any other design copied or derived from or similar to the Juste un Clou Works;

    d. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendants are associated with Cartier or that any non-genuine product manufactured, reproduced, distributed, advertised, displayed, promoted, offered for sale, sold, imported, exported, or licensed by Defendants is in any manner associated or connected with Cartier, is a genuine product of Cartier, or is authorized, licensed, sponsored, or otherwise approved by Cartier;

  e. Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the LOVE Trade Dress, the CARTIER mark, the Juste un Clou Copyright, or the Juste un Clou Trade Dress;

  f. Engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, the CARTIER mark;

  g. Taking any action inconsistent with Cartier's rights or claims of rights in and to the LOVE Trade Dress, the CARTIER mark, the Juste un Clou Copyright, or the Juste un Clou Trade Dress; and

  h. Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(g) above, inclusive.

  4. Any violation by Defendants of any provision of this Judgment or any error or omission in any of Defendants' representations shall constitute contempt of a Court order, and Plaintiffs shall be entitled to all relief under 18 U.S.C. § 401, *et seq.* including costs, investigation fees, and reasonable attorneys' fees, as well as the following relief and remedies from Defendant, which remedies are cumulative:

  a. to the extent any of the representations are deemed by the Court to be materially false, Defendants shall pay to Plaintiffs $2,000 for each representation that is false;

  b. liquidated damages in the sum of $1,000 for each individual different product (not type of product, but product) offered for sale in violation of this Judgment;

  c. disgorgement to Plaintiffs of all profits Defendants receive in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Defendants shall provide a list of all items purchased from third parties and shall disclose the price at which Defendants sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendants and the purchase price they paid;

        d.    reasonable investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Judgment;

        e.    Plaintiffs' reasonable costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendants or their counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

        f.    any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

Defendants shall not challenge Plaintiffs' rights to any of the relief identified in paragraph 4(a)-(f). In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act, the Copyright Act, or any other law.

5.    This Judgment resolves the claims and demands that were asserted by Plaintiffs in the Civil Action against Defendants and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendants in the Civil Action and all relief and remedies requested or that could have been requested by Defendants. All of Plaintiffs' claims in the Civil Action are dismissed without prejudice to further proceedings in the event that any of Defendants' representations or warranties in the Judgment are proven to have been materially false.

6.    The parties shall bear their own costs and attorneys' fees.

7.    The parties to this Judgment waive all rights to appeal from entry of this Judgment.

8.    Defendants acknowledge that they have obtained advice of counsel with respect to this Judgment. Defendants further acknowledge that their decision to consent to the entry of this Judgment was not influenced by any promises,

representations, or statements made by Plaintiffs or anyone acting on their behalf other than those set forth herein.

9. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

10. By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

11. This Judgment is a final judgment.

The Clerk shall close this file. The Order to Show Cause (Dkt. No. 46) is DISCHARGED and the hearing is VACATED.

Dated: San Jose, California
       June 12 , 2017

SO ORDERED:

_____
Hon. Edward J. Davila
United States District Judge

STIPULATED AND AGREED:

Dated: Steinhausen, Switzerland
       May 15, 2017

CARTIER INTERNATIONAL AG

By: _____

Name: STACEY HALLERMAN

Title: VP Chief Legal Counsel

{F2251074.1}  -7-

FINAL ORDER AND JUDGMENT ON CONSENT

| | | |
|---|---|---|
| 1 | Dated: New York, New York | CARTIER, a division of RICHEMONT |
| 2 | May 15, 2017 | NORTH AMERICA, INC. |

By: /s/ *signature* 

Name: Stacy Hallerman

Title: VP Chief Legal Counsel

Dated: San Rafael, California
May __, 2017

FANTASY JEWELS

By: /s/ *signature*

Name: Massoud – Torabian

Title: Owner

Dated: San Rafael, California
May __, 2017

MASSOUD TORABIAN

By: /s/ *signature*

Name: Massoud – Torabian

Title: Owner